**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANS BUNYAMIN, | No. 14-72036 |
| Petitioner, | Agency No. A095-025-053 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Frans Bunyamin, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Bunyamin claims he suffered past persecution and established a clear probability of future persecution based on his membership in a disfavored group of Chinese Christians in Indonesia. Substantial evidence supports the agency's conclusion that Bunyamin's past mistreatment, including discrimination, harassment, being robbed while in school, and having stones thrown at his home in a threatening manner, did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (no showing of past persecution where Chinese Christian was harassed, threatened, discriminated against, wrongfully arrested, and beaten by a mob in Indonesia).

Substantial evidence also supports the agency's determination that, under a disfavored group analysis, Bunyamin failed to establish sufficient individualized risk to show it is more likely than not that he would be persecuted in Indonesia. *See id*. at 978-80; *see also Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n application for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum

applicant"). Thus, Bunyamin's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**